**Wilfredo TORRES, Plaintiff,**

v.

**THE CITY OF NEW YORK, the Commissioner of the New York City Department of Corrections, Dr. Okonta, Dr. Barouch, Deputy Warden James Bird and Unidentified Employees of the New York City Department of Corrections and the Health Management Division, Defendants.**

**No. 99 CV.9026 (VM).**

United States District Court,
S.D. New York.

March 11, 2003.

Fred Lichtmacher, Cheda & Sheehan, Jackson Heights, NY, for plaintiff.

K. Leslie Ligorner, Michael D. Hess, Corp. Counsel of City of New York, New York, NY, for defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Wilfredo Torres ("Torres"), a former Corrections Officer in the New York City Department of Corrections ("DOC"), filed a complaint (the "Complaint") against the City of New York, the Commissioner of DOC, Dr. Okonta, Dr. Barouch, Deputy Warden James Bird and unidentified employees of DOC and its Health Management Division (collectively, the "Defendants"). Torres, who was out on sick leave from DOC for approximately one year, alleges that DOC's sick leave policy is unconstitutional as applied to him and others slated for permanent disability. He asserts claims under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments, as well as pendent state law claims of medical malpractice, intentional infliction of emotional distress, and negligent hiring and retention.

In a Decision and Order dated August 1, 2001,[1] the Court granted in part and dismissed in part the Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(c), leaving only Torres's claims under 42 U.S.C. § 1983 for equal protection violations (the "Equal Protection Claim"), and his pendent state law claim for medical malpractice, intentional infliction of emotional distress, and negligence. Subsequently, the Defendants filed a motion for summary judgment pursuant to Fed. R.Civ.P. 56 (the "Motion"). In Torres's reply brief to the Defendants' memorandum of law arguing the Motion, Torres "dismiss[ed] with prejudice all causes of action other than his claims for malpractice, intentional infliction of emotional distress, and negligence." Because this dismissal leaves no federal claims remaining, Torres asked for the Court to remand the Complaint to the state court.[2] (See Plaintiff's Memorandum of Law in Opposition to Defendants' Summary Judgment Motion Pursuant to FRCP 56, dated October 14, 2002, at 2.) The Defendants do not object to this request, although they point out that the Court has discretion to exercise supplemental jurisdiction over the remaining state claims. (See Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment, dated November 21, 2002, at 1–3.)

The Court declines to exercise such discretion. These state law claims were before the Court based on supplemental jurisdiction. Where the basis for pendent jurisdiction is dismissed, ordinarily so should the state law claims be dismissed. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Marcus v. AT & T Corp.,* 138 F.3d 46, 57 (2d Cir.1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). The Court finds no compelling reason not to grant Torres's request. Accordingly, it is hereby

**ORDERED** that the Court dismisses with prejudice Torres's Equal Protection Claim; and it is further

**ORDERED** that because the dismissal of Torres's Equal Protection Claim leaves no further basis for supplemental jurisdiction of the state law claims, the Court

---

1. The Decision and Order are reported as *Torres v. City of New York,* 154 F.Supp.2d 814 (S.D.N.Y.2001).

2. Though Torres requests a "remand" to state court, there is no indication in the Court's record of this action that the case originated in state court and, if so, which court.

declines to exercise jurisdiction to consider the remainder of the Complaint; and it is finally

**ORDERED** that the Court dismisses the remaining state law claims in this action without prejudice to their being brought in the appropriate New York state court for further proceedings, provided that Torres files his state case within thirty (30) days of the date of this Order.

**SO ORDERED:**