Wilfredo TORRES, Plaintiff,

v.

The CITY OF NEW YORK, the Commissioner of the New York City Department of Corrections, Dr. Okonta, Dr. Barouch, Deputy Warden James Bird and Unidentified Employees of the New York City Department of Corrections and the Health Management Division, Defendants.

No. 99 CV 9026(VM).

United States District Court,
S.D. New York.

May 12, 2003.

**318**

Fred Lichtmacher, Cheda & Sheehan, Jackson Heights, NY, for Plaintiff.

K. Lesli Ligorner, Michael D. Hess, Corporation Counsel of the City of NY, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Wilfredo Torres ("Torres"), a former Corrections Officer in the New York City Department of Corrections ("DOC"), filed a complaint (the "Complaint") against the City of New York, the Commissioner of DOC, Dr. Okonta, Dr. Barouch, Deputy Warden James Bird and unidentified employees of DOC and its Health Management Division (collectively, the "Defendants"). In a Decision and Order dated August 1, 2001,[1] the Court granted in part and dismissed in part the Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(c), leaving only Torres's claims under 42 U.S.C. § 1983 for equal protection violations (the "Equal Protection Claim"), and his pendent state law claims for medical malpractice, intentional infliction of emotional distress, and negligence.

In a subsequent Decision and Order dated March 11, 2003,[2] this Court dismissed with prejudice Torres's Equal Protection Claim at the request of both parties. Because the dismissal of Torres's Equal Protection Claim left no further basis for supplemental jurisdiction of the state law claims, the Court also dismissed the remaining state law claims without prejudice to their being brought in the appropriate New York state court for further proceedings.

Subsequent to this dismissal, Defendants filed a motion for a bill of costs (the "Motion"). In a conference held before the Court on May 12, 2003, the parties argued the relative merits of the Motion. The Court found that this action entailed substantial legal issues raising fair ground for litigation; that Torres had prosecuted his claims diligently and in good faith; that imposing costs against plaintiff in a civil rights action under the circumstances presented here would unfairly burden claimants asserting civil rights violations and thus unduly discourage the effective enforcement of statutory and constitutional rights; and that, because Torres had refiled his action in state court as permitted by this Court, much of the costs for which Defendants sought reimbursement would have been incurred in any event, but would not have to be duplicated because the materials developed in the federal case may still be usable in the state action. For these reasons the Court, in its discretion, denied the Motion. Accordingly, it is hereby

---

**1.** The Decision and Order is reported as *Torres v. City of New York,* 154 F.Supp.2d 814 (S.D.N.Y.2001).

**2.** The Decision and Order is reported as *Torres v. City of New York,* 248 F.Supp.2d 333 (S.D.N.Y.2003).

319

**ORDERED** that Defendants' motion for a bill of costs is denied.

**SO ORDERED.**